IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALICE V. HENRY,

    Plaintiff,

      v.

FULTON COUNTY BOARD OF
EDUCATION,

    Defendant.

CIVIL ACTION FILE
NO. 1:05-CV-2008-TWT

ORDER

This is an action brought under the Family and Medical Leave Act ("FMLA"). It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 33]. For the reasons set forth below, the Defendant's motion is GRANTED.

I. BACKGROUND

The Plaintiff, Alice Henry, alleges that the Defendant, Fulton County School District ("FCSD"), violated the FMLA by: (1) interfering with her right to medical leave; and (2) firing her because of her request for medical leave. The Plaintiff was employed as an elementary school teacher at FCSD's Harriet Tubman Elementary School. During the 2002-2003 school year, Ms. Henry made several requests to be transferred to another school within the district. Her supervisors denied all of the

requests. Because of problems with her principal, Ms. Henry insisted that she could not return to the school, and made several statements indicating that she had no plans to return for the 2003-2004 school year. In July 2003, Ms. Henry met with various school officials and renewed her requests for a transfer. In addition to being notified that her transfer was denied, she was further informed that her failure to report on the first day of work on August 5, 2003, would constitute insubordination.

On August 5, 2003, Ms. Henry failed to show up for work, and did not report her absence in accord with district policy. This policy required a teacher to report any absences to both the district's automated CASE system and to an administrator at her school. (Def.'s Mot. for Summ. J., Ex. A at 36). Rather than report to work, Ms. Henry returned to the district's central office and repeated her demand for a transfer. On August 6, 2003, the Plaintiff again reported to the district's central office and failed to report to work at her school.

On August 8, 2003, Ms. Henry again failed to show up for work, and again went to the district's central office. This time, however, she came with a note stating that she had been ill since August 4, 2003, and that she would need medical leave until August 25, 2003. The note did not provide any details regarding the nature of the illness. She gave the note to an unidentified individual at the central office. It was ultimately seen by Dr. Cephus Jackson, Acting Director of Human Resources. Ms.

Henry met with Dr. Jackson who presented her with a copy of a letter recommending her termination.[1]

The letter informed Ms. Henry that, pursuant to the Fair Dismissal Act, her contract was proposed to be terminated on three grounds: (1) insubordination, (2) willful neglect of duties, and (3) other good and sufficient cause. (Def.'s Mot. for Summ. J., Ex. E).  The letter further stated that a panel of Fulton County Board of Education members would serve as a tribunal to hear the matter.  In addition, the letter identified a list of witnesses that would be called to testify against Ms. Henry, and stated that she had the right to an attorney and to call witnesses.

At the hearing, Ms. Henry continued to request a transfer. (Def.'s Mot. for Summ. J., Ex. D at 153-54.)  After the hearing, the panel issued its "Findings and Recommendation by the Panel For the Fulton County Board of Education." (Def.'s Mot. for Summ. J., Ex. F.)  The panel determined that Ms. Henry's failure to report to work, as well as her failure to follow school procedures for the reporting of absences, constituted insubordination.  Finding the evidence clear that Ms. Henry engaged in the conduct described in the August 8, 2003 charge letter proposing her termination, the panel recommended her termination. (Def.'s Mot. for Summ. J., Ex.

---

[1]This letter was only a recommendation to terminate, as Dr. Jackson lacked the authority to terminate Ms. Henry's employment contract.

F.)  The board followed the recommendation and terminated her employment on November 3, 2003.  As of that date, Ms. Henry had received twelve weeks of full pay and benefits.

Following her dismissal, Ms. Henry appealed to the State Board of Education, as authorized by the Fair Dismissal Act, O.C.G.A. § 20-2-1160.  The State Board dismissed her appeal for lack of jurisdiction because Ms. Henry submitted her appeal two days after the thirty day filing period.  She then appealed to the Superior Court of Fulton County, which affirmed the State School Board's dismissal for lack of jurisdiction.  She then filed this action seeking damages under the FMLA.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond

the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

### III.  DISCUSSION

The FMLA authorizes an eligible employee to take up to twelve weeks of unpaid leave per year for a "serious medical condition that makes the employee unable to perform the functions of the position of such employee."  29 U.S.C. § 2612(a)(1)(D).  To enforce the rights guaranteed to employees under the statute, "the FMLA creates two types of claims: interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act, see 29 U.S.C. § 2615(a)(1), and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act."  Strickland v. Water Works and Sewer Bd. of City of Birmingham, 239 F.3d 1199, 1206 (11th Cir. 2001).   The Plaintiff has asserted both interference and retaliation claims in this action.  Each claim will be discussed in turn.

A.  Interference

The Plaintiff alleges that FCSD interfered with her right to medical leave as guaranteed under the FMLA.  She argues that FCSD denied her request for three weeks of unpaid medical leave, and ignored her wishes by placing her on mandatory leave for nine weeks longer than she requested.

Ms. Henry's claims for damages as result of FCSD's "interference" with her right to medical leave must fail. She cannot establish that FCSD denied her the opportunity to take medical leave under the Act, and even if she could, FCSD's alleged violation of the statute does not entitle Ms. Henry to monetary relief. The FMLA's remedial scheme, however, does not require that individuals be compensated merely because an employer has violated the statute. The Act provides no relief unless the employee has been prejudiced by the violation. The employer is only liable for compensation and benefits lost "by reason of the violation," 29 U.S.C. § 2617(a)(1)(A)(i)(I), for other monetary losses sustained as a "direct result of the violation," 29 U.S.C. § 2617(a)(1)(A)(i)(II), and for "appropriate" equitable relief, including employment, reinstatement, and promotion, 29 U.S.C. § 2617(a)(1)(B). Ragsdale v. Wolverine World News, Inc., 535 U.S. 81, 89 (2002). In order to prevail on a claim for damages, a plaintiff must produce facts sufficient to show causation between the violation of the statute and an injury.

The Court need not resolve the issue of whether Ms. Henry's leave technically constitutes medical leave under the FMLA. Under the FMLA's statutory framework, plaintiffs are required to show that a violation of the statute has caused an injury. See Ragsdale, 535 U.S. at 89. Ms. Henry conceded that she received over twelve weeks of paid medical leave. Furthermore, she continued to receive all of her benefits during

the period of mandatory leave. (Def.'s Mot. for Summ. Judg., Ex. A, at 34.) ("Q: And you got your benefits during that period as well, correct? A: Yes.").[2]

Even if she could demonstrate some injury, FCSD met its obligations under the FMLA. First, "[t]he FMLA specifically allows employers to substitute accrued paid leave for the twelve unpaid weeks of FMLA leave." Barnes v. Ethan Allen, Inc., 356 F. Supp. 2d 1306, 1311 n.8 (S.D. Fla. 2005). "In other words, employers are free to substitute paid leave for FMLA leave, and need not give an additional 12 weeks of FMLA leave on top of accrued paid leave." Id. Ms. Henry received over twelve weeks of paid leave. This is above and beyond the twelve weeks of unpaid leave required under the FMLA. Indeed, the statute specifically entitles an employer to require the employee, to substitute any of the accrued paid vacation leave, personal leave, or family leave of the employee for FMLA leave. 29 U.S.C. § 2612(d)(2).

Admittedly, substituting leave pending a termination for unpaid voluntary leave is not specifically addressed by the statute. If the statute affords employers the discretion to reclassify an employee's paid vacation time as FMLA leave, however,

---

[2] The Plaintiff's argument that she did not accrue additional benefits, such as sick days, etc., while on mandatory sick leave is not a compensable injury under the Act. The FMLA only requires employers to "maintain the employee's coverage under any group health plan." 29 C.F.R. § 825.209. At best, damages such as additional sick days are only compensable under a "retaliation" theory, and not an "interference" claim.

there is no principled reason to deprive employers of this flexibility when a termination hearing is pending. It would be odd indeed to reward her with additional leave for abandoning her job pending her termination hearing. In addition, her ultimate termination did not "interfere" with her FMLA leave since she was terminated after she had taken twelve weeks of leave. Accordingly, the Defendant is entitled to summary judgment on the issue of interference with the Plaintiff's rights under the FMLA.

    B. Retaliation

The Eleventh Circuit's test for determining whether an employer retaliated against an employee requires that a plaintiff show that: "(1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment decision; and (3) the decision was causally related to the protected activity." Barnes, 356 F. Supp. 2d at 1311 (citing Parris v. Miami Herald Publ'g Co., 216 F.3d 1298, 1301 (11th Cir. 2000)).

In this case, there is no need to follow the traditional analysis for determining retaliation. Although Ms. Henry's Amended Complaint does allege that FCSD retaliated against her by terminating her, she is not entitled to damages on this issue.[3]

---

[3] Here, the Plaintiff is not seeking to be reinstated. (Pl.'s Resp. to Def.'s Mot. for Summ. Judg., at 7-8.) ("[I]ssues of restoration or reinstatement which are equitable remedies in nature are no longer sought by the Plaintiff because she believes money

The Defendant has identified repeated instances in which the Plaintiff stated that she had no intention of returning to work, where she informed administrators that she could no longer work at the school, and where she informed the Fulton County School Board that she would not work at the school, and was seeking a transfer instead. (Def.'s Mot. for Summ. J., at 5-9.)  Indeed, her Response to the Defendant's Motion for Summary Judgment makes clear that she "could not return to the assigned school" and, therefore, sought a transfer.  (Pl.'s Resp. to Def.'s Mot. for Summ. Judg., at 5.)

The Plaintiff is not entitled to damages under the theory that FCSD refused to accommodate her medical condition by transferring her to another school.  Such a claim for relief fundamentally misconstrues the purpose of the FMLA, which is merely to "entitle employees to take reasonable medical leave for medical reasons, . . ." 29 U.S.C. § 2601(b)(2); see also 29 C.F.R. § 825.216(a) ("An employee has no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the FMLA leave period."). There is nothing in the language of the FMLA that compels employers to provide broad based workplace accommodations to employees with serious medical conditions.  The only type of accommodation it provides is medical leave.  See also damages will suffice.").  Thus, the issue is only one of damages.

29 C.F.R. § 825.214(b) ("If the employee is unable to perform an essential function of the position because of a physical or mental condition . . . the employee has no right to restoration to another position under the FMLA.  However, the employer's obligations may be governed by the Americans with Disabilities Act (ADA).").

Furthermore, the Plaintiff's statements extinguished all her rights under the FMLA because she gave "unequivocal notice" that she would never return to work at her assigned job.  (Pl.'s Mot. for Summ. J., at 2.)  "If an employee gives unequivocal notice of intent not to return to work, the employer's obligations under FMLA to maintain health benefits (subject to COBRA requirements) and to restore the employee cease."  29 C.F.R. § 825.309(b).  The FMLA does not insulate employees from the consequences of their insubordination.  Ms. Henry's damage claims are based on the argument that had she been transferred, she would have continued teaching at another school within the district.  This claim for damages, however, rises and falls with a corresponding obligation on FCSD's part to transfer her.  Since she was not entitled to a transfer, she cannot calculate damages based on a scenario in which she was transferred.  Accordingly, the Defendant is entitled to summary judgment on the issue of retaliation.

## IV. CONCLUSION

For the reasons set forth above, the Defendant's Motion for Summary Judgment [Doc. 33] is GRANTED.

SO ORDERED, this 10 day of October, 2006.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge